10-3047-cv
Curns & Zukaitis v. Wal-Mart Stores, Inc.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of September,  two thousand eleven.

PRESENT:
> PIERRE N. LEVAL,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

KATHLEEN CURNS and LINDA ZUKAITIS,
> > *Plaintiffs-Appellants*,


> > v.                                             No. 10-3047-cv

WAL-MART STORES, INC.,
> > *Defendant-Appellee*,

_____

FOR PLAINTIFFS-APPELLEES:          SHAFFIN ABDUL DATOO, Thompson Wigdor LLP, (Douglas Holden Wigdor and Ariel Y. Graff, *on the brief*) New York, New York.


FOR DEFENDANT-APPELLANT:          SCOTT A. FORMAN, Littler Mendelson, P.C., (Joseph Eric Field, *on the brief*) Miami, Florida.

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*).  **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

We assume the parties' familiarity with the facts, procedural history of the case, and issues on appeal.  Briefly, Curns and Zukaitis (collectively "Plaintiffs") are former District Managers for Shoes and Jewelry at Wal-Mart.  During a restructuring of its management positions, Wal-Mart eliminated the positions of District Manager for Shoes and Jewelry and folded them into a newly created District Fashion Merchandiser position.  Plaintiffs interviewed for the new District Fashion Merchandiser position and for other store management positions but were not selected.  Both sued Wal-Mart, alleging, inter alia, violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the New York State Human Rights Law.  The case proceeded to jury trial.  Before it was submitted to the jury, the district court partially granted Wal-Mart's motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a), dismissing all claims for economic damages.  The jury found for Wal-Mart on all remaining claims.

## I.     Discussion

### A.     Evidentiary Rulings

We review evidentiary rulings under the deferential abuse-of-discretion standard.  *Boyce v. Soundview Tech. Grp., Inc.*, 464 F.3d 376, 385 (2d Cir. 2006).  Even if a district court erroneously excludes evidence it should have admitted, we will not reverse that decision if the error was harmless.  *See Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134, 151 (2d Cir. 2010).

With respect to the evidentiary challenges, the district court did not abuse its discretion.  Based on the manner in which they were offered, Wal-Mart's statements to the Equal

Employment Opportunity Commission ("EEOC") were properly excluded. Each time Plaintiffs sought to admit the statements as party admissions under Fed. R. Evid. 801(d)(2), the district court reminded Plaintiffs of his "pretrial admonition . . . that a foundation had to be laid for the admissibility of the position statement," and ruled that there was no proper foundation. Commenting on the matter, the district judge explained "[n]ever once did I tell you that that statement was inadmissible. What I told you was you needed to lay a foundation . . . . Had you laid it . . . I would have allowed the statement in evidence." As a corporation, Wal-Mart itself cannot "admit" anything—it can only speak through its agents. Plaintiffs' attempts to introduce the EEOC position statements into evidence implicate Fed. R. Evid. 801(d)(2)(D), which requires the proponent of the evidence to "lay a sufficient foundation by establishing (1) the existence of the agency relationship, (2) that the statement was made during the course of the relationship, and (3) that it relates to a matter within the scope of the agency." *Marcic v. Reinauer Transp. Cos.*, 397 F.3d 120, 128-29 (2d Cir. 2005) (internal quotation marks omitted). Despite the district court's repeated warnings, Plaintiffs failed to produce a witness with sufficient personal knowledge to establish the foundation required by Rule 801(d)(2)(D).

The exclusion of the "Benefits Strategy Memorandum" was also proper. Plaintiffs never moved to have the memorandum admitted in evidence. To the extent they argue the district court's evidentiary rulings *implicitly* excluded the Benefits Strategy Memorandum, they made no offer of proof and therefore cannot challenge the evidentiary ruling on appeal. *See* Fed. R. Evid. 103(a)(2); *Henry*, 616 F.3d at 152 (Rule 103(a)(2) requires an offer where "as here, the significance of the excluded evidence is not obvious" (internal quotation marks omitted)).

Curns also objects to the exclusion of evidence that an employee of Wal-Mart, whose recommendation was sought for the position to be filled, said that he understood Curns was

3

intending to retire. We need not rule on whether the employee's statement could be received as an admission of the company, *cf. United States v. Rioux*, 97 F.3d 648, 661 (2d Cir. 1996), because, even assuming that it qualified as a statement of the company, its exclusion was at worst harmless error, as the evidence had little or no bearing on Plaintiffs' contentions.

        B.      <u>Judgment as a Matter of Law</u>

Finding that Plaintiffs had failed to submit any evidence of economic harm, the district court partially granted Wal-Mart's Fed. R. Civ. P. 50(a) motion and dismissed all of Plaintiffs' claims for economic damages. The challenge to that determination is mooted by the jury's subsequent finding, by special verdict, that Plaintiffs did not prove liability. *See Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 720 (7th Cir. 2004). Without liability, damages are not an issue.

## II.    Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

4